02/05/99 10:20 FAX 318 335 4846 BERRYFORD ☑002

RECEIVED

MAR 0 5 1999

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

| | | |
|---|---|---|
| BRENDA GARZA ADAMS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL OTHER SIMILARLY SITUATED INDIVIDUALS | * * * * * | 33RD JUDICIAL DISTRICT COURT |
| | * | |
| VERSUS C-97-519 | * | PARISH OF ALLEN |
| | * | |
| | * | STATE OF LOUISIANA |
| FORD MOTOR COMPANY, INC. | * | |
| | * | 2:99cv0387 |
| FILED:_____ | * | DY. CLERK OF COURT |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Brenda Garza Adams,

Vernell W. Gilbert, and Mary Willis, persons of full age of majority, and citizens of

Louisiana, residing and domiciled in the parishes of Allen, St. Mary, and St. Landry,

who file this, their Petition for Damages, on behalf of themselves, individually, and on

behalf of all others similarly situated, and respectfully represent, to-wit:

I.

Petitioners have incurred damages that are common and typical to all those

similarly situated and have incurred and/or will incur damages arising out of the

purchase and ownership of defective motor vehicles manufactured and/or sold by

defendant herein, and therefore seek to represent and prosecute all claims through class

action proceedings on behalf of all of those persons similarly situated in the State of

Louisiana.

II.

Made defendant herein is:

FORD MOTOR COMPANY, INC. (hereinafter sometimes referred to as
"FORD"), a foreign corporation organized and existing under the laws of
the State of Delaware, who maintains its principal office and place of
business in the State of Michigan.

III.

Vehicles manufactured by FORD are sold throughout the United States of

America and throughout the State of Louisiana by FORD and/or its authorized dealers.

A TRUE & CORRECT COPY OF
ORIGINAL FILED
OBERLIN, LA. FEB 0 4 1999

Deputy Clerk of Court

## IV.

Vehicles equipped with Ford IAR type alternators are subject to chronic failure of the wiring harness connector at the output terminals of the alternators. Over the course of time, heat, vibration, and corrosion create a tremendous amount of resistance at these terminals which in turn causes the wiring connector to actually melt and/or cause a fire in the engine compartment.

## V.

Since the introduction of Ford's IAR alternators, numerous failures, including fires, have been reported, many of which are related to "B-B-S" plug connections. These alternators are defective and/or unreasonably dangerous because they have a greater propensity for fire.

## VI.

In these alternators, the "spade connectors" that carry the output of the alternator are relatively small and easy to stretch or bend. This means that when a technician wiggles the wiring harness to disconnect it, these connectors can be easily stretched and a space opened up in the connection. This space can lead to electrical arcing and harness melt down and/or cause a fire in the engine compartment.

## VII.

At all times pertinent hereto, petitioner, Brenda Garza Adams, owned a 1987 Aerostar van manufactured by defendant, FORD.

## VIII.

Petitioner Brenda Garza Adams was operating the said 1987 Aerostar van on or about September 13, 1996, when she noticed smoke coming from under the hood.

## IX.

Petitioner Brenda Garza Adams opened the hood of the above referenced vehicle and noticed a small fire around the alternator. The fire forced her to have her vehicle towed and repaired. The cost for tow and repairs amounted to approximately $1,000.00.

## X.

Petitioner Adams has damages in this matter, which damages are less than $50,000.00, and which can be seen through the following non-exclusive particulars:

1. Cost of towing;

2. Repairs to her vehicle of less than $1,000.00; and

3. Loss of use.

## XI.

Petitioner Vernell W. Gilbert is a resident of and domiciled in Allen Parish, Louisiana.

## XII.

Petitioner Gilbert purchased a 1987 Ford Mustang from HEAD FORD, MERCURY, LINCOLN, INC. in Allen Parish, Louisiana.

## XIII.

Upon information and belief, the said 1987 Ford Mustang was serviced and inspected by defendant, HEAD FORD, MERCURY, LINCOLN, INC.

## XIV.

For the reasons set forth *supra*, petitioner Gilbert's Ford has an unreasonably dangerous and defective condition in that it contains a Ford IAR type alternator which is subject to chronic failure to the wiring harness connector at the output terminals of the alternator, and is a fire hazard.

## XV.

This unreasonably dangerous and defective alternator requires replacement and/or repair, all of which causes damages to petitioner Gilbert, which damages can be seen through the following non-exclusive particulars:

1. Cost of replacement of alternator, and/or wire and harness connector; and

2. Loss of use.

## XVI.

All of petitioner's damages in this case, are substantially certain to be less than $50,000.00.

## XVII.

Petitioner Mary Willis is a resident of and domiciled in Allen Parish, Louisiana.

## XVIII.

Petitioner Mary Willis is the owner of a previously owned 1987 Ford Taurus, manufactured by FORD MOTOR COMPANY, INC., and equipped by said defendant FORD MOTOR COMPANY, INC. with a Ford IAR type alternator.

## XIX.

Upon information and belief, petitioner, Mary Willis, alleges that the vehicle that she owns and which was manufactured by FORD MOTOR COMPANY, INC., contains an unreasonably dangerous condition in that the Ford IAR style of alternator that equipped her vehicle is defective in the manner stated above.

## XX.

Petitioner, Mary Willis, alleges that all of her damages is not greater than $50,000.00, which damages can be seen through the following non-exclusive particulars:

1.   Cost of repair and/or replacement of Ford IAR style alternator; and

2.   Loss of use.

## XXI.

Petitioners herein seek to represent and have certified a class action against defendant herein, made up of those individuals who owned or owns Ford motor vehicles equipped with IAR style alternator, which are unreasonably defective and dangerous, and who reside in the State of Louisiana, and whose individual damages are not greater than $50,000.00.

## XXII.

The individuals who have purchased vehicles manufactured and/or sold by Ford are scattered throughout the State of Louisiana and are so numerous as to make joinder of all of them in one forum impractical.

## XXIII.

The questions of fact as alleged herein, and issues of law, as plead herein, arise out of claims made by the proposed class herein, and are common to all members of the class.

## XXIV.

The questions of fact as alleged herein, and issues of law, as plead herein, arise out of claims made by the proposed class herein, and are typical to all members of the class.

## XXV.

Common questions of law and fact as asserted herein, predominate over individual questions of causation or individual damages and the monetary compensation for said damages and defenses of the defendants are generally applicable to the entire class rather than to the individual claims.

## XXVI.

Accordingly, class certification in this matter is appropriate under the applicable provisions of La. Code of Civ. Pro. Article 591 *et seq.*

## XXVII.

The questions of law or fact common to all members of the class are as follows:

    a.    Whether the alternators and/or wiring harnesses used by Ford on their vehicles are defective and/or unreasonably dangerous;

    b.    Whether Ford knew or should have known of the defects in the alternators and/or wiring harnesses that FORD manufactured, designed, and/or distributed;

    c.    Whether Ford had a duty to warn of the defective alternators and/or wiring harnesses; and

d.   Whether Ford manufactured and/or sold vehicles to plaintiffs which were defective and which caused property damages, including but not limited to the cost of replacement parts, towing, the loss of use of the vehicles while the defects were being repaired, and the diminished value of the vehicles even after they had been repaired.

## XXVIII.

Ford has had repeated opportunities to adequately and/or properly notify putative class members of these defects in its products, but has been unwilling to do so. Ford has, thus breached its written express warranties.

## XXIX.

Petitioners aver that this action is appropriate for determination through the Louisiana Class Action Procedure La. Code of Civ. Pro. Art. 591 *et. seq.* for the following reasons:

a.   The large number of potential claimants present a level of numerosity that would make joinder impractical, and as a result will be handled through the class action procedure;

b.   That there are numerous questions of fact and law which are common and/or typical to all class members herein;

c.   Petitioners herein have suffered damages of the nature described hereinabove and are suitable representatives of the class;

d.   The petitioner representatives herein are represented by skilled attorneys who are experienced in the handling of class actions and who may be expected to handle this action in an expeditious and economical manner to the best interest of all class membership; and

e.   The Louisiana class action procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented.

## XXX.

These alternators and/or wiring harnesses, which are by their nature defective and unreasonably dangerous, must be repaired, replaced and/or fixed.

## XXXI.

A class action is superior to any other method of adjudicating this dispute because the claims of the individual class members are too small to be pursued

economically in separate lawsuits and because thousand of individual lawsuits would burden this Court.

XXXII.

The claims of no individual class member exceed FIFTY THOUSAND AND 00/100 ($50,000.00).

XXXIII.

The representative petitioners will not seek payment of their attorney's fees and costs from this defendant.

WHEREFORE, Petitioners individually and on behalf of all those similarly situated class members, pray that this Court enjoin defendants from further acts as described herein above and that this Court certify a class as herein, appoint Petitioners as representatives of the class, that defendants be summoned with a copy of this Petition and cited to appear and answer same for their alleged wrongful acts and that after due proceedings be had, that judgment be rendered herein in Petitioners' favor, on their behalf individually and on behalf of all others similarly situated putative class members and against defendants herein, in an amount commensurate with the damages suffered by Petitioners and each member of the class for all damages to which they are entitled as per the facts to be proven at the trial on the merits herein, and according to all those theories specifically pled or applicable to the facts herein as determined by the court and for judicial interest thereon from the date of judicial demand until paid, and for all costs of these proceedings, and for all other general and equitable relief.

Respectfully submitted:

J. Craig Jones, 17648
131 Highway 165 South
Oakdale, LA  71463
(318) 335-1333

Jonathan B. Andry (#20081)
Gilbert V. Andry, IV. (#20056)
710 Carondelet Street
New Orleans, LA  70130
(504) 581-4334

PLEASE WITHHOLD SERVICE ON DEFENDANTS AT THIS TIME.